UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLES AZIZ BILAL,

               Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY DEPARTMENT OF CORRECTIONS, QUEENS COUNTY DISTRICT ATTORNEY OFFICE, LIEUTENANT ANDREW HEPCORTH, AND UNDERCOVER POLICE OFFICER DUNCAN,

               Defendants.

**ORDER**
**17-CV-4498 (NGG) (SLT)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff initiated this case on July 31, 2017, alleging that Defendants engaged in discriminatory workplace practices. (Compl. (Dkt. 1); *see also* Report and Recommendation ("R&R") (Dkt. 19) at 1-3.) There is no indication that Defendants have been served with the complaint, and Plaintiff failed to appear as directed by an Order to Show Cause issued by Magistrate Judge Steven Tiscione. (Jan. 27, 2020 Order to Show Cause (Dkt. 15).) As a result, Judge Tiscione issued the annexed *sua sponte* R&R on February 26, 2020, recommending the case be dismissed for failure to prosecute. (R&R.)

No party has objected to Judge Tiscione's R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found none, the court ADOPTS the R&R in full and DISMISSES the case for

1

failure to prosecute. The Clerk of Court is respectfully DIRECTED enter judgment for Defendants and close the case.

SO ORDERED.

Dated: Brooklyn, New York
April 8, 2020

                                               /s/ Nicholas G. Garaufis
                                               NICHOLAS G. GARAUFIS
                                               United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHARLES AZIZ BILAL,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**

17-CV-4498 (NGG) (ST)

**TISCIONE, United States Magistrate Judge:**

      Plaintiff Charles Aziz Bilal brought suit against Defendants The City of New York, New York City Police Department, New York City Department of Corrections, Queens County District Attorney's Office, and Lieutenant Andrew Hepcorth and Undercover Police Officer Duncan of the New York Police Department for allegedly engaging in discriminatory workplace practices after Mr. Bilal was arrested on suspicion of committing a criminal offense. Compl., ECF No. 1. After years of delay, with no indication that Plaintiff has even served Defendants in this matter, this Court has no choice but to recommend, *sua sponte*, that this case be dismissed for failure to prosecute.

  A.  **Factual Background**

      Mr. Bilal was employed by the New York City Department of Corrections and worked as a Deputy Warden at the Rikers Island Prison Complex in the Bronx, New York. Compl. at 3. Mr. Bilal is an African-American and is an Imam duly ordained under the Muslim faith. Compl. at 2. On August 30, 2011, Mr. Bilal left his home to drive to Masjid Al Hamdaullah, a Muslim place of worship that he established on Sutphin Boulevard in Jamaica, New York. Compl., *passim*. When Mr. Bilal arrived at the Masjid, he received a phone call from a congregant, who asked Mr. Bilal to assist in transporting him to the Masjid, due to the congregant's physical infirmity. Mr. Bilal agreed to pick up the congregant and drove to the congregant's location, which was approximately 10 blocks from the Masjid. Upon Mr. Bilal's arrival, he was

1

approached by a female undercover officer employed by the New York City Police Department, who engaged in conversation with him. Mr. Bilal later learned that the officer was working on a "sting" operation to arrest individuals attempting to patronize prostitutes. Mr. Bilal was arrested and accused of attempting to solicit prostitution. After spending several hours in a police van, Mr. Bilal was brought to the 113th Precinct and processed for arrest and held for 3 days pending arraignment. Mr. Bilal alleges that he was subject to "humiliation, disrespect and embarrassment." Compl. at 6.

Following his arrest, Mr. Bilal alleges that he "was suspended from his duties as a chaplain, not permitted to return to his office on Rikers Island, and, thereafter, was directed to report to Transportation Services, and was assigned there during the pendency of the criminal action against him." *Id.* Mr. Bilal alleges that, in similar circumstances, other chaplains of various faiths were routinely assigned to Headquarters Operations and were treated with dignity and respect. *Id.* Mr. Bilal alleges that he was assigned menial tasks while working at Transportation Services during the pendency of his criminal case. Compl. at 7. Mr. Bilal went to trial on the charge of soliciting prostitution and the jury returned a verdict of not guilty. *Id.*

Mr. Bilal filed his complaint on July 31, 2017. *See* Compl. An in-person initial conference was scheduled for November 16, 2017, but Plaintiff failed to appear or otherwise notify the Court of his expected absence. *See* Order to Show Cause, Nov. 16, 2017. The Court ordered that, by December 15, 2017, Plaintiff show cause why the case should not be dismissed for failure to prosecute. *Id.* On December 8, 2017, Plaintiff filed a letter with the court stating that his counsel had passed away and requested time to find another attorney. *See* First Mot. to Continue, ECF No. 5. The Court granted Plaintiff's Motion and ordered Plaintiff's new attorney to file a notice of appearance by January 31, 2018. *See* Order Granting Mot., Dec. 8, 2017. On March 28, 2018, during a telephone conference, the Plaintiff represented that he was unsure whether Defendants had been served due to his attorney's death. *See* Min. Entry for Telephone Conference, ECF No. 9. On May 31, 2018, the Court held another telephone conference where Plaintiff informed the Court that he had spoken with an attorney and expected the new attorney

to enter an appearance shortly. *See* Min. Entry for Telephone Conference, ECF No. 11. On July 11, 2018, the Court held yet another telephone conference with Plaintiff, where Plaintiff advised the Court that he had retained a new attorney. *See* Min. Entry for Telephone Conference, ECF No. 13. The Court ordered Plaintiff's new attorney to "file a notice of appearance by August 10, 2018," and "take steps to serve the complaint or the Court will issue an Order to Show Cause why this case should not be dismissed for failure to prosecute." *Id.* A copy of the minute entry for the July 11 telephone conference was mailed to Mr. Bilal by chambers. *See* Notice, ECF No. 14.

On January 27, 2020, this Court ordered the Plaintiff to, once again, show cause why the case should not be dismissed for failure to prosecute. The Court noted that Plaintiff had represented that he had hired an attorney in July 2018 but, despite his representation, an attorney had not entered appearance, nor did Mr. Bilal have any further correspondence with the Court. The Court ordered Plaintiff to appear for an in-person conference on February 6, 2020 to show cause why a recommendation should not be made to the district court to dismiss based on Plaintiff's failure to prosecute. Order to Show Cause, ECF No. 15. Like before, a copy of the Order was mailed to Plaintiff. *Id.* Plaintiff failed to appear at the February 6 show cause hearing. Min. Entry, ECF No. 17.

### B. Analysis

A district court has the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Consistent with that inherent authority, a district court may dismiss an action, in the exercise of its sound discretion, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine the following five factors (sometimes referred to as the "*Drake*" factors):

3

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id*. (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or when a plaintiff fails to act to move the case forward. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). In this case, each of the five factors favors dismissal.

First, the delay has been of a "significant duration." Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted). The factor weighs in favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013); *see also Drake*, 375 F.3d at 255 ("The question we must ask with respect to duration is simply whether or not the delay was caused by plaintiff's side as a whole."). Plaintiff has failed to respond to any of the court's orders since July 11, 2018, (*see* Order to Show Cause, ECF No. 15) and has still not filed proof of service despite filing his complaint over two years ago. Although a complaint is a necessary precondition to judgment, it is not sufficient alone. Plaintiff was granted until January 2018 to find replacement counsel and file a notice of appearance on the electronic docket. No such notice has been filed to date. While it is unfortunate that Plaintiff's first attorney passed away, Plaintiff was given over two years in which to secure a replacement. Courts have found a plaintiff's delays of several months sufficient to warrant dismissal. *See, e.g.*, *Caussade*, 293 F.R.D. at 629–30 (citing cases dismissing after delays as short as three months); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *3 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to

4

take *any* steps to prosecute this action for at least three months"). In light of the lengthy delay in excess of two years in this case, and the fact that the delay is entirely attributable to plaintiff, the first factor favors dismissal.

Second, Plaintiff was given ample notice that further delay would result in dismissal. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). As early as November 2017, this Court warned Plaintiff that his failure to appear for a court-ordered conference and his inactivity would result in dismissal for failure to prosecute. *See* Order to Show Cause, Nov. 16, 2019 ("Plaintiff failed to appear for today's conference and the docket sheet reflects that there has been no activity in this case since the complaint was filed . . . . Accordingly, . . . Plaintiff is Ordered to Show Cause why this case should not be dismissed for failure to prosecute."). Again, in July 2018, this Court warned that Plaintiff's failure to file a notice of appearance or take steps to serve the complaint would result in dismissal. Min. Entry for Telephone Conference, ECF No. 13. Finally, this Court warned on February 7, 2020, that this Court would recommend to the District Court that this case be dismissed for failure to prosecute. Min. Entry for Telephone Conference, ECF No. 17. Plaintiff was given ample warnings that his inaction would result in dismissal. The second factor also favors dismissal.

Third, Defendants will be prejudiced by further delays. Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable. . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at

256 (citing *Lyell Theatre Corp.*, 682 F.2d at 43). "The probability of prejudice to a defendant that has not been served process for a particularly long period of time is high." *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) (citation omitted). Here, in light of the lacking evidence of service of process, along with the complete absence of any excuse for the lengthy delay, this Court finds that the third factor favors dismissal.

Fourth, dismissal is warranted after carefully balancing expediency and the rights of the plaintiff. The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631. Plaintiff has been given multiple opportunities to show cause why the case should not be dismissed for failure to prosecute. Most recently, Plaintiff failed to appear for an in-person conference to explain why the case should not be dismissed for failure to prosecute. Plaintiff "has shown little interest in prosecuting this case," *Caussade*, 293 F.R.D. at 631, as he has not been in contact with the Court since July 2017 and has essentially laid dormant. This Court concludes that "[i]t is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff will reappear in the future." *Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. June 27, 2006) (quoted in *Caussade*, 293 F.R.D. at 631), *adopted by*, 2006 WL 2228999 (E.D.N.Y. Aug. 3, 2006). This factor also weighs in favor of dismissal.

Finally, in light of the lengthy delay, and the fact that Plaintiff has become unreachable, this Court finds that no lesser sanction than dismissal would be adequate. Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Courts consistently find that dismissal is

appropriate where a plaintiff has disappeared. *See Caussade*, 293 F.R.D. at 631 (citing cases); *see also Garcia v. City of New York*, 2016 WL 1275621, at *4. Here, the plaintiff has effectively disappeared, as he is no longer prosecuting the case or communicating with the court in any way. In such circumstances, dismissal is the appropriate remedy. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 195–96 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why the action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference."). The final factor favors dismissal.

### C. Conclusion

This Court finds that all five of the *Drake* factors favor dismissal. I recommend that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

---

[1] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).

/s/
               ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
               Steven L. Tiscione
               United States Magistrate Judge
               Eastern District of New York

Dated: Brooklyn, New York
       February 26, 2020